IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| AMBER CARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:23-cv-06015-DGK |
| ) | |
| CITADEL FEDERAL SOLUTIONS, LLC ) | |
| d/b/a FALCONTEK, ) | |
| ) | |
| Defendant. ) | |

**ORDER SETTING AMOUNT OF ATTORNEYS' FEES**

This lawsuit alleges Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by declining to offer Plaintiff employment because of information contained within a credit report without first giving Plaintiff an opportunity to review the report's accuracy. Plaintiff filed this case in Missouri state court as a putative class-action lawsuit. Defendant removed, and after an unsuccessful mediation, filed an offer of judgment covering Plaintiff's individual claim only. The offer of judgment was for $1,000 (the statutory maximum for an individual claim) and a reasonable award of attorneys' fees which a prevailing plaintiff is also entitled to under FCRA.

Plaintiff accepted the offer, but the parties could not agree on a reasonable award of fees and costs. Now before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. ECF No. 28. Plaintiff's counsels' revised request[1] seeks $43,285 in attorneys' fees and expenses.

Defendant objects to the amount sought. It requests the Court award only one of the three costs sought and lower the fee award to a "reasonable" amount by reducing Plaintiff's counsels' proposed $550 hourly billing rate and Plaintiff's counsels' time spent on the litigation.

---

[1] Initially Plaintiff's counsel sought attorneys' fees totaling $45,485, but they reduced their request while briefing was ongoing to account for emails that were inadvertently double billed, and increased their request to reflect time spent briefing the motion. Reply Br. at 8 n.4, ECF No. 31.

After carefully reviewing the record, the motion is GRANTED IN PART. The Court awards $105.39 in costs and $24,480 in attorneys' fees for a total of $24,585.39.

**Discussion**

Plaintiff seeks to recover costs consisting of her filing fee, her share of the mediation costs, and costs for a private process server. Defendant argues, and Plaintiff does not dispute, that the mediation costs and private process server costs are unrecoverable in the present case. Since Plaintiff does not dispute the arguments, they are waived. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."). The Court awards Plaintiff costs of $105.39, the amount of her filing fee.

With respect to determining a reasonable award of attorneys' fees, the starting point is the lodestar calculation, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making this calculation, the Court considers "(1) the time and labor required; (2) the novelty and difficulty of the questions [presented in the case]; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* at 430 n.3. There is a strong presumption that the lodestar calculation represents a reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

In the present case, there are disputes over both Plaintiff's counsels' proposed rate and claimed amount of time spent on the matter. With respect to a reasonable hourly rate, the Court agrees that the requested $550 an hour is too high. The Court notes that two other federal courts in this region have rejected similar rate requests from Plaintiff's counsel in recent years. One judge found Plaintiff's counsels' request for $550 an hour was "well above the Kansas City-area average for all attorneys" and "significantly above the median rate for all consumer attorneys in Missouri." *Stallsworth v. Mars Petcare US Inc.*, No. 17-CV-04180-NKL, 2018 WL 2125950, at *4 (W.D. Mo. May 8, 2018) (awarding attorneys' fees of $32,900 based on 70.4 hours of attorney work at an hourly rate of $450, plus compensation for the legal assistant's time, in a FCRA case with a $1,000 client recovery). The other judge found "$450 per hour is a reasonable—albeit high—rate for Mr. Brown and Mr. Watkins," but that was in a FCRA class action case that settled for $149,205, which is much larger than the recovery here. *Bailes v. Lineage Logistics, LLC*, No. 15-2457-DDC-TJJ, 2017 WL 4758927, at *8 (D. Kan. Oct. 20, 2017). Based on the twelve factors above, but particularly the second (novelty and difficulty of the questions presented), eighth (the amount involved and the results obtained), and twelfth (awards in similar cases), the Court finds $400 an hour is an appropriate hourly rate here.

With respect to the amount of time spent on the matter, the Court appreciates Defendant's observation that of the nearly 200 time entries Plaintiff's counsel has made, 123 of them are for 0.2 hours (twelve minutes), and only two are 0.1 hours (six minutes). This means Plaintiff's counsel is claiming that almost every time an attorney or paralegal touched the file, that person spent twelve minutes on it, which seems unlikely. Additionally, Defendant notes the time records show Mr. Brown and Mr. Watkins made duplicative billing entries for many phone calls and emails. Plaintiff's counsel concedes in their reply brief this was a mistake, and they adjusted their

3

request downwards by eight hours to compensate for it.  While the Court appreciates Plaintiff's counsels' candor in acknowledging these billing errors, *see* Reply Br. at 4 n.2, it leaves the Court (1) wondering whether these time entries were made contemporaneously and (2) generally doubting their accuracy.

After carefully reviewing the time records and the parties' arguments, the Court holds the number of hours Plaintiff's counsel reasonably expended on this case is 61.2.  Multiplying this amount of time (61.2 hours) by the reasonable hourly rate ($400 an hour) equals $24,480.  The Court awards this amount in attorneys' fees.

Defendant shall pay Plaintiff's counsel $24,585.39 ($105.39 plus $24,480) within twenty-one days of the date of this Order.

**IT IS SO ORDERED.**

Date:  January 17, 2024   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT